# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAMELLIA GRILL HOLDINGS, INC.** | **CIVIL ACTION** |
| **VERSES** | **NO: 15-3795** |
| **GRILL HOLDINGS, LLC ET AL** | **SECTION: "H"(1)** |

## ORDER & REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 2). For the following reasons, the Motion is GRANTED.

## BACKGROUND

This case represents the latest episode in the ongoing litigation between two groups arising out of the post-Katina sale of Camellia Grill, a landmark Uptown restaurant.

1

Michael Shwartz and his associated companies owned and operated Camellia Grill before Hurricane Katrina.[1] In the year following the storm, Shwartz and Hicham Khodr negotiated the sale of the restaurant.[2] In August, 2006, the parties, through various entities, executed three separate contracts: (1) the Cash Sale,[3] (2) the Bill of Sale,[4] and (3) the License Agreement.[5]

The extensive litigation surrounding these contracts commenced in state court in 2006 following disagreements regarding the License Agreement. The License Agreement was ultimately cancelled by a Louisiana court and that judgment has become final on appeal (the "State Case").[6]

Independently, Uptown Grill filed a declaratory action in this Court requesting a judgment that it owns the trademarks that are located "within or upon the property" at 626 South Carrollton Avenue, the location of Camellia Grill, and that its continued use of the trademarks is lawful. That suit was consolidated with a suit by Camellia Grill Holdings bringing claims

---

[1] Camellia Grill Holdings and Camellia Grill, Inc. are wholly owned by Michael Shwartz.

[2] The Grill Holdings, LLC, Chartres Grill, LLC; RANO, LLC; Uptown Grill, LLC; Uptown Grill of Destin, LLC; K&L Investments, LLC and Robert's Gumbo Shop are all wholly owned by Hicham Khodr.

[3] The Cash Sale transferred the Real Estate located at 626 South Carrollton Avenue from Michael Shwartz to RANO, LLC.

[4] The Bill of Sale transferred other property from Michael Shwartz, Camellia Grill, Inc. and Camellia Grill Holdings, Inc. to Uptown Grill.

[5] Under the License Agreement, Camellia Grill Holdings, Inc. granted Grill Holdings, LLC exclusive license to use certain trademarks.

[6] *See The Grill Holdings, L.L.C. v Camellia Grill Holdings, Inc.*, 120 So. 3d 294 (La. App. 4 Cir. 2013).

for trademark infringement (the "Federal Case").[7]  The dispute in the Federal Case ultimately centered around what was transferred by Michael Schwartz, Camellia Grill, Inc. and Camellia Grill Holdings to Uptown Grill in the Bill of Sale.  This Court rendered summary judgment in that suit in favor of Uptown Grill, finding (1) that the terms of the Bill of Sale clearly and unambiguously transferred ownership of the trademarks associated with the operation of the Camellia Grill restaurant on Carrollton Avenue to Uptown Grill, (2) that the License Agreement had no effect on the rights acquired by Uptown Grill in the Bill of Sale, as Uptown Grill was not a party to that agreement, (3) that the doctrine of laches did not apply to bar Uptown Grill's Declaratory Judgment action, and (4) that Uptown Grill owns all of the Camellia Grill trademarks.[8]  That case is currently on appeal.

Six days after this Court rendered summary judgment in the Federal Case, Camellia Grill Holdings filed the instant action in state court. It now seeks a declaratory judgment that The Grill Holdings, LLC and Uptown Grill are affiliated and/or related companies, and as such, Uptown Grill was a party to the License Agreement per the terms of the contract.  Defendants removed the action to this Court, and it is the subject of this Motion to Remand.

---

[7] Camellia Grill Holdings' trademark infringement suit was originally filed in state court and subsequently removed to this Court.

[8] *Uptown Grill v. Shwartz*, No. 13-6560, 2015 WL 4223316, at *8 (E.D. La. July 10, 2015).

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[9] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[10] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[11] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[12]

## LAW & ANALYSIS

Defendants advance two arguments in favor of the exercise of jurisdiction by this Court. First, they argue in favor of federal question jurisdiction based on the artful pleading doctrine. In the alternative, they implore the Court to exercise jurisdiction pursuant to the All Writs Act. The Court will address each argument in turn.

### I. Federal Question Jurisdiction

Defendants argue that this case falls under the Court's federal question jurisdiction. Normally, the federal question must appear on the face of the plaintiff's complaint for federal question jurisdiction to attach.[13] Under the artful pleading doctrine, however, federal jurisdiction exists where "Congress

---

[9] 28 U.S.C. § 1441(a).
[10] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[11] *Id.*
[12] *Id.*
[13] *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

[has] so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character."[14]  In other words, removal may be upheld by a court though no federal question appears on the face of the complaint where federal law completely preempts a state law claim.[15]  Defendants concede that there is no federal question on the face of the complaint, but argue federal question jurisdiction applies through the artful pleading doctrine.

Defendants characterize Plaintiff's Petition as requesting relief under the Lanham Act or otherwise invoking federal trademark law. A plain reading of Plaintiff's Petition, however, reveals that they are requesting a very narrow ruling— a declaration that The Grill Holdings, LLC and Uptown Grill, LLC are affiliated entities and as such both parties to the License Agreement.  The determination of these very narrow issues involves exclusively state law.

Defendants further argue that this Court should exercise jurisdiction because of its familiarity with the case.  Familiarity, however, does not vest the Court with jurisdiction.  Indeed, the Court notes that Defendants make compelling arguments in favor of an exception of *res judicata* based on this Court's earlier Order and Reasons.  In that judgment, this Court found that that Uptown Grill was not a party to the License Agreement and was

---

[14] *Id.* at 63–64.
[15] *Id.*

therefore not bound by its terms.[16] *Uptown Grill v. Shwartz*, No. 13-6560, 2015 WL 4223316, at *8 (E.D. La. July 10, 2015). The presence of this potential defense does not, however, confer jurisdiction on this Court. In *Rivet v. Regions Bank of Louisiana*[17] the Supreme Court made clear that "preclusion . . . remains a defensive plea involving no recasting of the plaintiff's complaint, and is therefore not a proper basis for removal."[18] "The prior federal judgment does not transform the plaintiff's state-law claims into federal claims but rather extinguishes them altogether."[19] As Judge Barbier noted in *Billieson v. City of New Orleans*:

> [T]he point of *Rivet*. . .is that even when two cases are so factually intertwined that a federal judgment in one case will have a preclusive effect on a second case, that is not sufficient to create federal jurisdiction over the second case, where it is not otherwise present.[20]

Consequently, the Court does not have federal question jurisdiction over the declaratory judgment action. This action, on its face, raises only issues of state law. There has been no artful pleading to evade federal jurisdiction, as the Petition merely seeks contractual interpretation—a question of state law.

---

[16] Though Camellia Grill Holdings alleged in the consolidated cases that the Khodr parties, including Uptown Grill, were a single business enterprise, it presented no evidence in support of this argument. In granting the Motion for Summary Judgment, this Court found that Uptown Grill was not a joint enterprise with Grill Holdings. Interestingly, the Court wonders if this declaratory judgment action is an attempt to supplement the record in the earlier Federal Case currently on appeal to the Fifth Circuit.

[17] 522 U.S. 470 (1998).

[18] *Id.* at 477.

[19] *Id.*

[20] *Billieson v. City of New Orleans*, No.01-cv-3864, 2002 WL 221609, at *4 (E.D. La. Feb. 8, 2002).

Whether this action is barred by *res judicata* due to the Court's prior rulings is a question that may be appropriately resolved by the state court.

**II. All Writs Act**

In the alternative, Defendants assert that the Court should exercise jurisdiction pursuant to the All Writs Act, which states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."[21] There is a circuit split concerning whether the All Writs Act can, in extraordinary circumstances, provide jurisdiction to remove a case where there is no independent basis for jurisdiction. Though the Fifth Circuit has yet to definitively rule on this question, it has expressed an aversion to this liberal construction of the All Writs Act, especially in light of *Rivet*.[22] Indeed, the only case cited by Defendants in support of this argument is an opinion from this District in which the judge ultimately rejected a similar argument.[23] The Court, therefore, declines to exercise jurisdiction under the All Writs Act.

---

[21] 28 U.S.C. § 1651.
[22] *Texas v. Real Parties in Interest*, 259 F.3d 387, 393–94 ("With *Rivet* standing as sentry, it would be bold indeed to read the All Writs Act as authorizing removal of an otherwise unremovable action.").
[23] *Billieson*, 2002 WL 221609, at *4.


Case 2:15-cv-03795-JTM-SS   Document 12   Filed 09/30/15   Page 8 of 8

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 2) is GRANTED.

New Orleans, Louisiana this __29th__h day of September, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

